# UNITED SPERKINSS DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARCIA ELAINE PERKINS,**

        **Plaintiff,**

        **v.**        **Case No. 06-C-1123**

**STATE OF WISCONSIN**
**DEPARTMENT OF PROBATION AND PAROLE,**

**BRIDGET E. BOYLE, and**

**RODNEY L. CUBBIE,**
        **Defendants.**

## ORDER AND RECOMMENDATION

On October 27, 2006, Marcia Elaine Perkins ("Perkins") filed a complaint against the defendants alleging, in essence, that the defendants were rude to her. Accompanying Perkins' complaint was a motion to proceed in forma pauperis.

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Perkins is unable to pay the $350.00 filing fee and that her case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears

beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In her petition to proceed in forma pauperis, Perkins alleges sufficient liabilities and income to satisfy the court that she is indigent. Thus, the court will turn to the merits of Perkins's claims against the defendants. Perkins makes three distinct complaints against each of the named defendants. Therefore, each defendant shall be addressed individually.

All of Perkins' allegations are related to her thirty-one-year-old son, Jermaine Brister and his contacts with the criminal justice system. Perkins first complains of the conduct of her son's probation agent. Perkins complains that when the agent would conduct home visits he entered the home only two times and instead opted to sit outside, call on the phone, and talk to her son for short periods of time. Perkins then complains that when she attempted to provide the agent with information regarding her son, the agent was "very rude" to her in that he gave her "the run around," hung up on her, and stated he was not in the office when he was.

Perkins then alleges that Bridget Boyle ("Boyle") was her son's attorney when he was incarcerated in the Milwaukee County Jail. Perkins believed that her son needed medical treatment so she called Boyle at home at 8:00 P.M. Boyle told Perkins that her office hours were 9:00 AM to 5:00 PM, that she could not do anything to help Perkins' son, and then hung up on Perkins. Perkins also alleges that Boyle missed appointments with her.

Rodney Cubbie ("Cubbie") subsequently represented Perkins' son and Perkins complains that Cubbie refused to have contact with her. Perkins complains "Cubbie has help [sic] to made [sic] my illness worsen with his rudeness plus all attemptes [sic] to break my faith I submitted proof to him at court he throught [sic] it back in my face!"

As relief, Perkins requests "immediate release – all charges cleared – all felony records cleared" plus the return of all attorneys fees and costs, a $1,000 donation to a scholarship fund, and a loss of license.

All of Perkins' claims are legally frivolous. As can be seen, Perkinds is not the real party in interest. The only person entitled to bring these claims is her son, who is the person who was represented by the two attorneys named and is the one subject to supervision by the probation agent. While Perkins believes her son was not accorded proper representation, and she is upset that his attorneys were rude to her, such grievances do not provide support for a federal action brought by her. Therefore, her motion to proceed in forma pauperis shall be denied. Although pro se pleadings must be liberally construed, see <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), this court is not able to glean any cognizable claim from Perkins' complaint. Alleging that persons were rude does not state a federal cause of action.

**IT IS THEREFORE ORDERED** that Perkins' motion to proceed in forma pauperis is **denied**.

**IT IS FURTHER RECOMMENDED** that this case be returned to the clerk's office for random assignment to a district judge and the district judge assigned to this case dismiss this case with prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with

the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this <u>6th</u> day of November, 2006.

_____
s/AARON E. GOODSTEIN
United States Magistrate Judge